FILED: May 20, 2015

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1895
(1:13-cv-00975-MJG)

BYRON R. BARTLETT; CONNIE J. BEALS-BARTLETT

  Plaintiffs - Appellants

v.

BANK OF AMERICA, NA

  Defendant - Appellee

JUDGMENT

In accordance with the decision of this court, the judgment of the district court is affirmed.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1895

BYRON R. BARTLETT; CONNIE J. BEALS-BARTLETT,

        Plaintiffs - Appellants,

    v.

BANK OF AMERICA, NA,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:13-cv-00975-MJG)

Submitted: February 27, 2015        Decided: May 20, 2015

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott C. Borison, LEGG LAW FIRM, LLC, San Mateo, California; Phillip R. Robinson, CONSUMER LAW CENTER LLC, Silver Spring, Maryland, for Appellants. Brian R. Matsui, MORRISON & FOERSTER LLP, Washington, D.C.; Michael J. Agoglia, Angela E. Kleine, MORRISON & FOERSTER LLP, San Francisco, California, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron R. Bartlett and Connie J. Beals-Bartlett appeal the district court's order granting Bank of America, NA's (BOA) motion to dismiss and dismissing for failure to state a claim their class action complaint seeking damages for BOA's alleged failure to comply with the mandatory disclosure requirements of the Fair Credit Reporting Act (FCRA) — specifically, 15 U.S.C. § 1681g(g) (2012). On appeal, the Bartletts contend that the district court erred in finding § 1681g(g) inapplicable to their loan modification request. Finding no error, we affirm.

We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Sec'y of State for Def. v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Section 1681g(g) requires a mortgage lender to make certain disclosures to a consumer regarding the consumer's credit score when that score is used "in connection with an application

2

initiated or sought by a consumer for a closed end loan or the establishment of an open end loan for a consumer purpose that is secured by 1 to 4 units of residential real property." 15 U.S.C. § 1681g(g)(1). The FCRA provides a private right of action against a mortgage lender that willfully or negligently fails to comply with the disclosure requirements under § 1681g(g). 15 U.S.C. §§ 1681n, 1681o (2012).

On appeal, the Bartletts first contend that § 1681g(g) is not limited to new closed end loan applications but applies to any credit application, including loan modifications. Thus, they argue, Connie's request for a loan modification entitled her to the disclosures mandated by § 1681g(g), and the district court therefore improperly dismissed their complaint.

In support of their argument, the Bartletts discuss the definition of "credit" and cases in which courts have held that loan modifications constitute credit applications. The term "credit" does not, however, appear in § 1681g(g). Rather, the relevant portion of § 1681g(g) applies to "closed end loans." The Bartletts point to no authority supporting a conclusion that a request for modification of an existing loan constitutes an application for a closed end loan under § 1681g(g). Thus, we conclude that the district court correctly found that the Bartletts failed to state a claim that Connie was entitled to the disclosures required by § 1681g(g).

3

Second, the Bartletts contend that, because Byron was not a borrower on the original mortgage loan, his status as a coborrower on the loan modification requests necessarily made him an applicant for a closed end loan entitled to the disclosures mandated by § 1681g(g). The plain language of § 1681g(g), however, requires disclosure by a mortgage lender only when the lender "uses a consumer credit score . . . in connection with an application initiated or sought by a consumer." 15 U.S.C. § 1681g(g); see Smith v. United States, 508 U.S. 223, 228-29 (1993) (defining "use").

In their complaint, the Bartletts alleged only that BOA obtained Connie's credit score in assessing her eligibility for loan modification. They made no allegation that BOA actually obtained or used Byron's credit scores. Thus, we conclude that the district court properly dismissed the Bartletts' claim that Byron was entitled to the disclosures mandated by § 1681g(g).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4

FILED: May 20, 2015

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1895,    Byron Bartlett v. Bank of America, NA
1:13-cv-00975-MJG

NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers are sent to counsel appointed or assigned by the court in a separate transmission at the time judgment is entered. CJA 30 vouchers are sent to counsel in capital cases. CJA 20 vouchers are sent to counsel in criminal, post-judgment, habeas, and § 2255 cases. Assigned counsel vouchers are sent to counsel in civil, civil rights, and agency cases. Vouchers should be completed and returned within 60 days of the later of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari. If counsel appointed or assigned by the court did not receive a voucher, forms and instructions are available from the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition to identify the cases to which the petition applies and to avoid companion cases proceeding to mandate during the pendency of a petition for rehearing in the lead case. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).